UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

LEON CLARK,                            )
                                       )
       Plaintiff                    )
                                       )
v.                                     )     Civil No. 09-390-P-H
                                       )
MICHAEL J. ASTRUE,                     )
Commissioner of Social Security,       )
                                       )
       Defendant                    )

### REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") appeal raises the question of whether the commissioner supportably found the plaintiff, who alleges that he has been disabled since December 30, 2000, by degenerative disc/joint disease, back and knee pain, and obesity, capable as of December 31, 2001, his date last insured for benefits, of performing work existing in significant numbers in the national economy. I recommend that the decision of the commissioner be affirmed.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 405.101 (incorporating 20 C.F.R. § 404.1520); *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff last met the insured status requirements of the Social Security Act on December 31, 2001, Finding 1, Record at 9; that, through his date last insured, he had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), except that he could lift 20

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on June 17, 2010, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

pounds occasionally and 10 pounds frequently, stand or walk for a total of six hours in an eight-hour day, sit for a total of six hours in an eight-hour day, and occasionally climb on ramps, stairs, and ladders and occasionally kneel and crawl, but had no mental limitations, Finding 5, *id*. at 11-12; that, through his date last insured, considering his age as of that date (42 years old, defined as a younger individual), education (at least high school), work experience (unskilled), and RFC, there were jobs existing in significant numbers in the national economy that he could have performed, Findings 7-10, *id*. at 15; and that he, therefore, was not under a disability at any time from his alleged onset date of disability through December 31, 2001, Finding 11, *id*. at 16. The Decision Review Board declined to disturb the decision, *see id*. at 1-3, making it the final determination of the commissioner, 20 C.F.R. § 405.450(a); *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. § 405.101 (incorporating 20 C.F.R. § 404.1520(g)); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's residual

work capacity to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

The plaintiff raises one narrow issue on appeal: that the vocational expert who testified at his hearing was unable to offer valid numbers to support the administrative law judge's conclusion that the three jobs the plaintiff was found capable of performing existed in significant numbers in the national economy. *See* Plaintiff's Amended Statement of Errors ("Statement of Errors") (Docket No. 12) at 1. I find no reversible error, and accordingly recommend that the court affirm the decision.

### A. Background

The commissioner's regulations provide, in relevant part:

[W]ork exists in the national economy when it exists in significant numbers either in the region where you live or in several other regions of the country. It does not matter whether –

(1) Work exists in the immediate area in which you live;

(2) A specific job vacancy exists for you; or

(3) You would be hired if you applied for work.

20 C.F.R. § 404.1566(a).

The vocational expert testified that a person with the plaintiff's restrictions was capable of performing the representative occupations of mail clerk, Dictionary of Occupational Titles (U.S. Dep't of Labor, 4th ed. rev. 1991) ("DOT") § 209.687-026, order caller, DOT § 209.667-014, and marker, DOT § 209.587-034. *See* Record at 83. He stated that, defining the "region" as the northeastern United States, there were more than 800 mail clerk jobs in the region and more than 225,000 nationally, more than 750 order caller jobs in the region and more than 185,000

nationally, and more than 800 marker jobs in the region and more than 130,000 nationally. *See id*.

The plaintiff's counsel objected that the regional numbers were not large enough, as a matter of law, to support a finding that there were a significant number of jobs. *See id*. at 84. He asked the vocational expert whether the 225,000 number for the mail clerk position was an estimate on his part. *See id*. at 85. The following colloquy ensued:

> A   Yes, Sir, the way it's calculated you have groups of jobs as found in the career infinite [sic] as generated by the department of labor. From these groups of jobs where you have commonalities, then you are able to go in and gain information regarding how many of these jobs are available. I always use low numbers because of the fluctuating labor market and use terms more than, greater than to allow for margin.
>
> Q   But the numbers that you get from that information source [are] the numbers of all of the jobs in that grouping?
>
> A   That is true at various exertional demands and various skill levels.
>
> Q   All right. So within, if it's the group that . . . the mail clerk position is in, that group will also include positions that have a higher exertional requirement.
>
> A   I just testified regarding that, yes.
>
> Q   And, a higher skill level?
>
> A   I just testified regarding that, yes, Sir.

*Id*. The vocational expert affirmed that the same was true of the other two positions, order caller and marker. *See id*. at 85-86. He stated that he did not know how many different DOT jobs were in the groups that he used to analyze the mail clerk, order caller, and marker jobs. *See id*. at 86.

The administrative law judge relied on the vocational expert's testimony as to the numbers of regional and national jobs available, finding that for purposes of Step 5 they constituted a "significant" number of jobs. *See id*. at 16.

### B. Challenge to Validity of Numbers

The plaintiff challenges the validity of the vocational expert's testimony regarding both regional and national numbers of jobs on the basis that the vocational expert conceded that the numbers he gave were for groupings of jobs, not the specific DOT code-identified jobs alone. *See* Statement of Errors at 2-3. He also challenges the national numbers on the ground that the administrative law judge failed to elicit testimony regarding whether the jobs in question existed in "several regions" of the country, *see id*. at 4, and the regional numbers on the ground that, for various reasons, the numbers are insufficient as a matter of law to qualify as "significant," *see id*. at 4-9.

The first point is persuasive. At oral argument, counsel for the commissioner contended that (i) no published authority sets forth numbers of specific DOT code-identified jobs existing in the national economy and (ii) that is precisely why the commissioner obtains the testimony of vocational experts, who rely not just on published raw numbers but also on their experience and expertise.

However, the vocational expert in this case essentially admitted that he did in fact rely on published raw numbers, which pertained not to the specific DOT code-identified jobs at issue but rather to *groups of jobs* of differing skill and exertional levels that happened to contain the three specific jobs. *See* Record at 85-86. His testimony accordingly cannot constitute substantial evidence that the three specific jobs at issue existed in significant numbers in the national economy.

### C. Harmless Error/*Chenery* Analysis

The commissioner's failure, at Step 5, to meet his burden of proving that jobs meeting a claimant's RFC exist in significant numbers in the national economy ordinarily would warrant

5

remand. However, at oral argument, counsel for the commissioner persuasively contended that to remand this case would amount to an empty exercise because the plaintiff clearly would be found not disabled at Step 5 pursuant to an alternate route not taken by the administrative law judge: application of the so-called "Grid," found at Appendix 2 to Subpart P, 20 C.F.R. § 404.

In his rebuttal, the plaintiff's counsel cited *SEC v. Chenery Corp.*, 332 U.S. 194 (1947), for the proposition that a reviewing court cannot affirm an agency's decision on the basis of a *post hoc* rationalization but must affirm, if at all, on the basis of a rationale actually articulated by the agency decision-maker. *Chenery* indeed states:

> [A] reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis. To do so would propel the court into the domain which Congress has set aside exclusively for the administrative agency.

*Chenery*, 332 U.S. at 196.

Nonetheless, as counsel for the commissioner suggested at oral argument, an exception to the *Chenery* rule exists when a remand "will amount to no more than an empty exercise" because, for example, "application of the correct legal standard could lead to only one conclusion[.]" *Ward v. Commissioner of Soc. Sec.*, 211 F.3d 652, 656 (1st Cir. 2000) (citation and internal quotation marks omitted). *See also, e.g., Mayfield v. Nicholson*, 444 F.3d 1328, 1336 (Fed. Cir. 2006) (describing *Chenery* doctrine as "inapplicable if there is no room for the agency to exercise its discretion with respect to [the] issue in question"; "If the outcome of a remand is foreordained, we need not order one."); *Little Co. of Mary Hosp. & Health Care Ctrs. v. Shalala*, 24 F.3d 984, 992 (7th Cir. 1994) ("[W]e recognized an exception to *Chenery* where it is clear what the agency's decision has to be.") (citation and internal quotation marks omitted).

6

In this case, as counsel for the commissioner persuasively argued, it is clear that application of the Grid directs a finding of non-disability.

The Grid is a set of tables designed to provide a "streamlined" method by which the commissioner can meet his burden of showing that there is other work that a claimant can perform. *Heggarty v. Sullivan*, 947 F.2d 990, 995 (1st Cir. 1991). Sole reliance on the Grid is permissible to the extent that a claimant can perform substantially the full range of work in a given exertional category (for example, sedentary work), and any nonexertional impairments have only a negligible effect on the claimant's ability to perform the full range of that work. *See, e.g., Ortiz v. Secretary of Health & Human Servs.*, 890 F.2d 520, 526 (1st Cir. 1989) ("[S]o long as a nonexertional impairment is justifiably found to be substantially consistent with the performance of the full range of unskilled work, the Grid retains its relevance and the need for vocational testimony is obviated.").

"Exertional capacity addresses an individual's limitations and restrictions of physical strength and defines the individual's remaining ability to perform each of seven strength demands: [s]itting, standing, walking, lifting, carrying, pushing, and pulling." Social Security Ruling 96-9p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2009) ("SSR 96-9p"), at 156. "Nonexertional capacity considers any work-related limitations and restrictions that are not exertional." *Id*. "Therefore, a nonexertional limitation is an impairment-caused limitation affecting such capacities as mental abilities, vision, hearing, speech, climbing, balancing, stooping, kneeling, crouching, crawling, reaching, handling, fingering, and feeling." *Id*.

The plaintiff does not challenge the administrative law judge's finding as to his RFC or other factors relevant to application of the Grid: that he was a younger individual as of his date

7

last insured, had a high school education, and had an unskilled work history. *See* Findings 5, 7-9, Record at 11-12, 15; *see also generally* Statement of Errors.

The plaintiff was found to have an RFC compatible with the exertional demands of light work. *Compare* Finding 5, Record at 11-12 (plaintiff found capable of lifting 20 pounds occasionally and 10 pounds frequently, standing or walking for a total of six hours in an eight-hour day, and sitting for a total of six hours in an eight-hour day) *with* 20 C.F.R. § 404.1567(b) ("Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.").

As counsel for the commissioner correctly observed, an individual found capable of meeting the exertional demands of light work is deemed capable of meeting those of sedentary work, as well. *See* 20 C.F.R. § 404.1567(b) ("If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.").

The Grid directs a finding that a younger individual capable of sedentary work, with a high school education and an unskilled work history, is not disabled. *See* Rule 201.27, Grid.

The plaintiff was found to have several nonexertional limitations, to wit, that he could only occasionally climb on ramps, stairs, and ladders and only occasionally kneel and crawl. *See* Finding 5, Record at 12. "[A]though a nonexertional impairment can have a negligible effect [on a claimant's ability to perform substantially the full range of work in a given exertional

8

category], ordinarily the ALJ must back such a finding of negligible effect with the evidence to substantiate it, unless the matter is self-evident." *Seavey v. Barnhart,* 276 F.3d 1, 7 (1st Cir. 2001) (citation and internal quotation marks omitted).

In this case, as counsel for the commissioner suggested at oral argument, the commissioner's own rulings make self-evident that the plaintiff's nonexertional limitations would have only a negligible effect on his ability to perform substantially the full range of sedentary work. *See* Social Security Ruling 85-15, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 ("SSR 85-15"), at 350 ("[C]rawling on hands and knees and feet is a relatively rare activity even in arduous work, and limitations on the ability to crawl would be of little significance in the broad world of work. This is also true of kneeling (bending the legs at the knees to come to rest on one or both knees)."); SSR 96-9p at 159 ("Postural limitations or restrictions related to such activities as climbing ladders, ropes, or scaffolds, balancing, kneeling, crouching, or crawling would not usually erode the occupational base for a full range of unskilled sedentary work significantly because those activities are not usually required in sedentary work.").

Hence, despite the existence of an error at Step 5 that ordinarily would warrant remand, the commissioner has shown that remand would "amount to no more than an empty exercise." *Ward*, 211 F.3d at 656.

## II. Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de</u> <u>novo</u> review by the district court is sought, together with a supporting memorandum*

*and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de</u> <u>novo</u> review by the district court and to appeal the district court's order.*

Dated this 19th day of July, 2010.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge